JOURNAL ENTRY and OPINION
Appellant Robert Brown appeals from his conviction for felonious assault in violation of R.C. 2903.11 with a gun specification under R.C. 2941.145. Brown assigns the following as errors for our review:
 The trial court erred to the prejudice of appellant by permitting the testimony of witness Michael Montgomery when such witness was not disclosed to the defense within a reasonable time prior to trial as required by Rule 16 of the Ohio Rules of Criminal Procedure.
 The trial court's admission of an eyewitness identification based upon a photo array was plain error and deprived appellant of his right to a fair trial.
Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
On the evening of August 13, 2000, Lance Overton, then sixteen years of age, attended a party where he met Robert Brown. Soon after Overton arrived, he and Brown engaged in an argument which led each individual to raise his fists in a fighting gesture. Before a fight erupted, Overton's cousin, Michael Montgomery, grabbed Overton and took him to a friend's house.
Later that evening, Overton rode his bicycle past Brown's house on his way home. When Overton reached Brown's house, Brown chased him on foot. Overton got off his bicycle and again was confronted by Brown.
Montgomery, who had been watching from a distance, ran towards the boys and shouted Overton's name. Overton, then face to face with Brown, looked towards Montgomery. Overton heard a gun discharge, saw a muzzle flash, and felt a bullet pierce his stomach. He turned back to Brown who stood holding a handgun. Upon reaching the individuals, Montgomery dragged Overton away to safety.
The Cleveland police spoke to Overton while he recovered from the gunshot wound and to Montgomery who had refused to identity himself to the police. Through a photographic array, Overton identified Brown as the shooter.
A Cuyahoga County grand jury indicted Brown on one count of felonious assault with a gun specification. Brown pled not guilty and demanded discovery of prosecution witnesses according to Crim.R. 16. The State complied, but did not include Montgomery on the list because his identity remained unknown to the prosecution until the day before trial. When the State learned of Montgomery's identity, it disclosed its intent to call him as a witness as well as the substance of his testimony.
At trial, the State called Montgomery to testify. Brown informed the court it did not know of Montgomery as a State's witness until the previous day. The court interrupted Montgomery's testimony and ordered the State to make Montgomery available to Brown during a one-hour and forty-minute lunch recess. The State and Brown acceded to the court's order.
Following testimony that included Overton and Montgomery identifying Brown as the shooter, the trial court convicted Brown as charged in the indictment. This appeal followed.
In his first assigned error, Brown argues the trial court erred by permitting Montgomery's testimony because the prosecution did not disclose him as a witness until the day prior to trial. We disagree.
The trial court is vested with broad discretion to admit or exclude testimony from witnesses whose names do not appear on the list of witnesses the prosecution intends to call at trial.[1] Barring a clear abuse of that discretion and material prejudice to the defendant, a reviewing court must be slow to interfere.[2] In State v. Scudder,[3]
the Ohio Supreme Court set forth the following standard:
 Where a prosecutor violates Crim.R. 16 by failing to provide the name of a witness, a trial court does not abuse its discretion in allowing the witness to testify where the record fails to disclose (1) a willful violation of the rule, (2) that foreknowledge would have benefitted the accused in the preparation of his or her defense, or (3) that the accused was unfairly prejudiced.[4]
The prosecution shall, upon written demand of the defendant, disclose the names and addresses of all witnesses intended to testify at trial.[5]
Failure to comply with the demand leaves the trial court with several options such as excluding the unnamed witnesses or granting a continuance.[6]
Here, Brown timely moved for discovery of all prosecution witnesses pursuant to Crim.R. 16. The State did not include Montgomery in its response because it did not know his identity. After the State called Montgomery to testify at trial, Brown informed the court he lacked notice that Montgomery would testify until the day prior to trial. Upon identifying Montgomery as a witness, the State forthwith informed Brown that he would testify and of the nature of his testimony.
The court interrupted the examination and ordered the prosecution to make Montgomery available to the defense during the lunch recess. Brown acceded to this remedy and after lunch the examination of Montgomery continued, including cross-examination by Brown.
Under these facts, we conclude the State did not violate Crim.R. 16. The State complied with discovery as soon as it became aware of the identity of the witness. Further, the State did not violate the standard set forth in Scudder. Because the State had no knowledge of Montgomery's identity until just before disclosure, its failure to notify Brown until the day before trial was not a willful violation of Crim.R. 16. Even if we were to determine the State could have discovered Montgomery's identity, Ohio law establishes that no willfulness exists where the State is merely negligent in its investigation.[7] Further, Brown simply rests upon the fact that he did not know of Montgomery until the day before trial; he has failed to proffer any argument indicating that additional foreknowledge of Montgomery and his intended testimony would have benefitted him or that he was unfairly prejudiced. Accordingly, Brown's first assigned error lacks merit.
In his second assigned error, Brown argues the trial court erred by admitting Overton's photo array identification of Brown because the photographs of the others were too dissimilar from Brown's photograph to yield a fair and trustworthy identification. We disagree.
Because Brown failed to object to admission of the photo array at trial, we are left to consider this assigned error under the doctrine of plain error.[8] In determining plain error, we examine all properly admitted evidence and determine whether the court would have rendered a conviction even if the alleged error had not occurred.[9] Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.[10]
Specifically, Brown complains the photo array prejudiced him because he is of lighter skin than the five others displayed in the photo array, thus leading to a suggested identification. For the following reason we need not address this concern.
The purpose of the photo array was to positively identify who committed the charged crime. In court, both Overton and Montgomery identified Brown as the shooter, thus at least duplicating the probative import of the photo array identification. Because the photo array was duplicative evidence, we cannot say the outcome of the trial would have been different had the photo array been excluded. Consequently, its admission does not rise to the level of plain error and Brown's second assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] State v. Maurer (1984), 15 Ohio St.3d 239.
[2] Id.
[3] 71 Ohio St.3d 263, 1994-Ohio-298.
[4] Id. at 269.
[5] Crim.R. 16(A) and (B)(1)(e).
[6] Crim.R. 16(E)(3).
[7] Scudder, supra at 269.
[8] See, State v. Green (2000), 90 Ohio St.3d 352, 373, citing State v. Wade, 53 Ohio St.2d 182, paragraph one of the syllabus; Crim.R. 52(B).
[9] See, State v. Slagle (1992), 65 Ohio St.3d 597, 605.
[10] State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.